**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 3, 2013

LETTER TO COUNSEL

    Re:    *Joann Davis v. Michael J. Astrue, Commissioner of Social Security*,
           Civil No. SAG-11-3478

Plaintiff filed a Complaint against the Commissioner in the United States District Court for the District of Maryland on December 12, 2011 seeking review of the Commissioner's final decision denying her claim for Supplemental Security Income ("SSI") benefits. ECF No. 1. In accordance with the scheduling order entered, Plaintiff filed her Motion for Summary Judgment on March 21, 2012, and the Defendant filed its Motion for Summary Judgment on July 10, 2012. ECF Nos. 8, 10, 13. However, after the undersigned's review of the pleadings and the administrative record, it appears that pursuant to 42 U.S.C § 405(g), the Plaintiff filed this action in the incorrect venue because her principal place of residence is Washington DC, not Maryland. Venue properly lies in the district where Ms. Davis resides.

    42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business*, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . .

*Joann Davis v. Michael J. Astrue, Commissioner of Social Security*,
Civil No. SAG-11-3478
January 3, 2013
Page 2

42 U.S.C. § 405(g) (emphasis added). 28 U.S.C. § 1406(a) also is relevant. It provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Notably, "[t]ransfer is appropriate to avoid procedural complications or obstacles to adjudication, such as improper venue . . . ." *Ashbourne v. Geithner*, Nos. RWT-11-2818, RWT-11-3199 & RWT-11-3456, 2012 WL 2874012, at *2 (D. Md. July 12, 2012).

In *Surotchak v. Apfel*, No. A. 98-0073-C, 1999 WL 301705, at *1 (W.D. Va. Feb. 8, 1999), the plaintiff, a resident of New Jersey, brought suit against the Commissioner of Social Security in the Western District of Virginia. The court stated that "[t]he statute granting jurisdiction to the federal courts to review final decisions of the Commissioner of Social Security [42 U.S.C. § 405(g)] clearly and unambiguously also establishes the venue for such cases." 42 U.S.C. § 405(g) mandates that a review of the Commissioner's final decision "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . ." *Surotchak*, 1999 WL 301705, at *1. The court noted that "[t]his venue provision not only is reasonable, but most of the time it benefits a claimant because it allows him/her to commence an action where the claimant lives." *Id.* On that basis, the court transferred venue to the district in which the plaintiff resided. *Id.*

Here, Plaintiff does not reside in the District of Maryland, nor has she alleged that she has a principal place of business in this district. Therefore, venue is not proper in the District of Maryland. *See* 42 U.S.C. § 405(g). Rather, Plaintiff resides at 2322 Raynolds Place, SE Washington, DC 20020. ECF No. 1 p. 1, 2 . It is immaterial that the principal place of business

*Joann Davis v. Michael J. Astrue, Commissioner of Social Security*,
Civil No. SAG-11-3478
January 3, 2013
Page 3

for the Social Security Administration is Maryland.  Venue is proper in the United States District Court for the District of Columbia, and therefore venue should be transferred to that district.

For the reasons set forth above, it is hereby ORDERED that venue be TRANSFERRED to the United States District Court for the District of Columbia for all further proceedings.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge